IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHEILA ANN HARDERSON                                               PLAINTIFF

V.                                  NO. 12-2201

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sheila Ann Harderson, brings this action pursuant fo 42 U.S.C. 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for SSI on December 31, 2009, alleging an inability to work since May 6, 2007, due to "1. Anxiety/depression." (Tr. 171-175,195, 199). An administrative hearing was held on April 6, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 26-77).

By written decision dated May 16, 2011, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - disorder of the back, obesity and anxiety

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

disorder. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant is limited to simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any, work place changes and not more than occasional interaction with the public and co-workers.

(Tr. 15).   With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as production worker, e.g. bench assembler; maid/house cleaner, e.g. laundry worker; and meat, poultry and fish cutter, e.g. poultry eviscerator. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on July 10, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

AO72A
(Rev. 8/82)

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ failed to properly develop the evidence; 2) The ALJ erred in his credibility findings; 3) The ALJ gave improper weight to the opinions; 4) The ALJ erred in his Step Five findings. (Doc. 8).

**A.     Failure to Fully and Fairly Develop the Record:**

Plaintiff argues that the ALJ had an obligation to try to obtain an RFC from a treating physician, her therapist and psychiatrist. She also contends that Dr. Ott's report contained internal inconsistencies.

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record

is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 989).

The ALJ had before him the Plaintiff's treating physician's records from Clarksville Medical Group, as well as the records of Counseling Associates, Inc.; the Mental Diagnostic Evaluation of Don Ott, Psy.D., a Licensed Psychologist (Tr. 336-342); a Mental RFC Assessment and Psychiatric Review Technique form completed by non-examining consultant Cheryl Woodson-Johnson, Psy.D. (Tr. 352-354, 356-368); a CT of Plaintiff's brain without contrast (Tr. 397); an MRI of Plaintiff's Lumbar Spine (Tr. 400); a CT of Plaintiff's chest with contrast (Tr. 307); and a gallbladder ultrasound. (Tr. 318).

The Court believes there was sufficient evidence before the ALJ regarding Plaintiff's mental and physical impairments for him to make a decision. Although there is no Physical RFC Assessment in the record, the majority of Plaintiff's medical records deal with those conditions which Plaintiff referenced in her application - anxiety and depression. (Tr. 199). Plaintiff did not list any physical conditions in her application, and failure to allege a condition as an impairment is significant. Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001). In addition, although Plaintiff complained of back pain in 2007, and an MRI in 2007 revealed right sided disc protrusion/extrusion at the L4-5 level, the remaining records, other than Plaintiff's Pain and Other Symptoms form, do not address back pain. Furthermore, none of Plaintiff's physicians recommended any restrictions. As noted by the ALJ, Plaintiff testified that she took Darvocet and

Hydrocodone for pain, and the lack of any medical treatment for her back pain indicates these medications were effective in controlling her pain. (Tr. 17).

Based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court finds that there is substantial evidence to support the fact that the ALJ did not fail to fully and fairly develop the record.

**B.** **Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 17). In making such finding, the ALJ addressed Plaintiff's daily activities, noting that Plaintiff indicated she cleaned the bathtub, did the dishes, swept and folded the laundry, attended church meetings and shopped. (Tr. 17). The

ALJ also noted that the lack of medical treatment for Plaintiff's back pain indicated the medications were effective at controlling her pain. The ALJ also found that Plaintiff's panic attacks were situational and not a constant ongoing impairment, noting that when Plaintiff took her medication and controlled her stress level, she did not appear to suffer from panic attacks. (Tr. 18). The record supports these findings. There are also some inconsistencies noted in the record, such as the fact that in the Undated Disability Report - Adult, Plaintiff reported that she completed the 10th grade of high school. (Tr. 200). However, in Dr. Ott's Mental Diagnostic Evaluation, Plaintiff reported that she quit school after eleventh grade. (Tr. 337). At the hearing held before the ALJ, Plaintiff testified that she only completed the 8th grade and dropped out in the ninth grade. (Tr. 31-32).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.    RFC Findings:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the

claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ found that Plaintiff had the RFC to perform light work with certain limitations. He discussed all of the medical evidence of record, gave great weight to the opinion of Dr. Ott, and noted that none of Plaintiff's treating physicians offered an opinion that Plaintiff was disabled or made any statement or recommendation that Plaintiff was unable to work at a level consistent with substantial gainful activity. (Tr. 19). The ALJ also assigned great weight to the opinion of the state agency medical consultant, which he found consistent with the other objective medical evidence of record as well as Plaintiff's alleged activities of daily living. (Tr. 19). The ALJ considered but gave little probative weight to Plaintiff's testimony. He concluded:

> The claimant's testimony regarding her activities of daily living and lack of panic attacks since 2009 in conjunction with the medical evidence demonstrating minimal abnormalities, reflects a significant functional capacity and not an individual unable to sustain regular and continuing work due to medically determinable impairments.

(Tr. 19).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC assessment.

### D. Whether There are Jobs Plaintiff Can Perform:

In his hypothetical question to the VE, the ALJ asked the VE to consider someone of Plaintiff's same age, education, and work experience who could do no more than:

> light work, whose work would be limited to simple, routine, and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes, and no more than occasional interaction with

AO72A
(Rev. 8/82)

the public and coworkers.

(Tr. 71).  In response, the VE stated that the individual would be able to perform such jobs as production workers, e.g. bench assembler; maids and house cleaners, such as a laundry worker; and a meat, poultry, and fish cutter, such as a poultry eviscerator. (Tr. 72).

The Court believes the hypothetical the ALJ proposed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  The Court further believes that the VE's responses to this hypothetical question constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a production workers, e.g. bench assembler; maids and house cleaners, such as a laundry worker; and a meat, poultry, and fish cutter, such as a poultry eviscerator. during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

**IV.  Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 16th day of September, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)